**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

CASE NO.: _____

KEEFE GROUP, LLC,

    Plaintiff,

v.     **JURY TRIAL DEMANDED**

JOHN DOE,

    Defendant.
_____/

**COMPLAINT**

Plaintiff, Keefe Group, LLC, ("Plaintiff" or "Keefe"), by and through its attorneys, for its Complaint against the Defendant, John Doe, alleges as follows:

**NATURE OF CASE**

1. This is an action for trademark infringement and counterfeiting, passing off, trade dress infringement, and unfair competition. Keefe and its affiliates are the nation's largest supplier of food and other products to the correctional market. Keefe's products are sold through correctional facility commissaries to inmates. For years, Keefe has pioneered innovative products that have developed a loyal following from its satisfied customers. One of Keefe's most popular products is THE WHOLE SHABANG® potato chips (the "The Whole Shabang Chips"). The Whole Shabang Chips are unique because of their proprietary "over the top" combination of seasonings that fans of the chip describe as a combination of every chip flavor rolled into one chip. Due to its popularity and demand from consumers, Keefe recently

1

began offering The Whole Shabang Chips for sale online and at certain convenience stores throughout the country.

2. Keefe seeks relief against the Defendant for selling counterfeit chips using Keefe's federally registered trademarks, distinctive trade dress, and attempting to pass off Defendant's chips as authentic The Whole Shabang Chips. Keefe seeks damages, including attorneys' fees, and injunctive relief to stop Defendant's wrongful conduct, which is deceptive and confusing to consumers and harmful to the established goodwill of the trademarks associated with The Whole Shebang Chips.

## THE PARTIES

3. Keefe is a Missouri limited liability company with its principal place of business at 1260 Andes Boulevard, St. Louis, Missouri. Keefe also has offices in Jacksonville, Florida.

4. Despite diligent efforts, Keefe has been unable to identify the Defendant. Keefe reserves the right to amend this Complaint to allege such Defendant's or Defendants' true name(s) and capacities when ascertained.

## JURISDICTION AND VENUE

5. This case arises under the federal trademark statute, 15 U.S.C. § 1051, *et seq*. (the "Lanham Act"). This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338.

6. This Court has jurisdiction over the state law claims herein pursuant to 28 U.S.C. § 1367(a) because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

7. This Court has personal jurisdiction over the Defendant as the Defendant has knowingly directed and targeted his unlawful activity at Keefe, who regularly transacts business in the State of Florida, and who sells the Whole Shabang Chips to customers in this District. Upon information and belief, the Defendant transacted and conducted business in the State of Florida, and in this District, by wrongfully manufacturing, packaging, and selling knock-off chips to stores in, at least, the Orlando, Florida area. Defendant's knock-off product packaging also contains a Gmail address: moonlodgellc@gmail.com, which invites consumers—including those located within the Middle District of Florida—to contact Defendant. When combined with the Defendant's infringement of Keefe's registered trademarks and other unlawful activity, it creates a false and misleading impression that Defendant's copycat chip product originates from Keefe and/or are endorsed, sponsored, approved, authorized by, and/or affiliated with Keefe.

8. Venue properly lies with this Court pursuant to 28 U.S.C. § 1391 as a substantial part of the events or omissions giving rise to the claims at issue in this litigation occurred in this judicial district within the State of Florida.

## FACTUAL BACKGROUND

### Keefe's Popular Moon Lodge® The Whole Shabang® Chips

9. Since 2002, Keefe has distributed and sold potato chips to the correctional market throughout the United States under its MOON LODGE® trademark, U.S. Reg. No. 2,782,904 (the "Moon Lodge Mark"). Keefe is the exclusive owner of the Moon Lodge trademark registration, which is attached as Exhibit A. Although it sells a variety of flavors under the Moon Lodge Mark (e.g. "Hot, Hot, Hot! Barbeque"), The Whole Shabang Chips are

3

Keefe's most popular chip sold under the mark. Keefe also owns a federal trademark registration, U.S. Reg. No. 5,182,722, for THE WHOLE SHABANG® (the "The Whole Shabang Mark"). Keefe is the exclusive owner of The Whole Shabang trademark registration, which is attached as Exhibit B. The Moon Lodge Mark and The Whole Shabang Mark are, and have been, in full force and effect for more than five years and are incontestable under the provisions of 15 U.S.C. § 1065.

11. The Whole Shabang Chips have attracted national press and a prominent following due to their distinct flavor—which is often described as a unique combination of every chip flavor fused into one. For example, The Whole Shabang Chips have been featured on:

a. NBC News: "The Whole Shabang: Chips So Good You'll Have To Go To Jail to Get Them" *available at:* https://www.nbcnews.com/news/us-news/chips-so-good-you-ll-have-go-jail-get-them-n648241 (last visited October 26, 2020).

b. Tech Insider: "Prisoners Are Obsessed With The Whole Shabang Potato Chips" *available at*: https://www.youtube.com/watch?v=sf_3gDa4rLg (last visited October 26, 2020).

c. Thrillist: Aaron Hutcherson, "Behind the Obsession Over the Mysterious 'Prison Chips'" *available at*: https://www.thrillist.com/eat/nation/the-whole-shabang-potato-chips (last visited October 26, 2020).

d. Nebraska Lincoln Journal Star: JoAnne Young, "Craving Prison Munchies? You'll Have to do the Time" *available at*: https://journalstar.com/news/state-and-regional/nebraska/craving-prison-munchies-youll-have-to-do-the-time/article_289a5b8a-bc22-5548-ba92-fda3c584af93.html (last visited October 26, 2020).

e. Mix947.radio.com: Heather Rivera, "5 Things Fueling the Prison Chips Obsession" *available at*: https://mix947.radio.com/blogs/heather-rivera/5-thingies-fueling-the-prison-chips-obsession (last visited October 26, 2020).

11. For many years, The Whole Shabang Chip was only available in the correctional market throughout the United States. This correctional market product was sold under the Moon Lodge Mark and The Whole Shabang Mark with a distinctive dark blue trade dress that mimicked a moonlit night (the "Trade Dress"), which is depicted below:



12. Due to its popularity, Keefe recently began offering The Whole Shabang Chip for sale outside of the correctional market. The Whole Shabang Chip is currently sold online and at various convenience stores throughout the United States under The Whole Shabang Mark and with a different trade dress. *See, e.g.,* www.wholeshabang.com (last visited October 26, 2020). Due to the extensive, continuous, and exclusive use of the Moon Lodge Mark, The Whole Shabang Mark, and Trade Dress since at least 2002 in interstate commerce—and the favorable impression of the brand in the minds of consumers—Keefe has also developed common law rights in the respective marks and Trade Dress.

13. By virtue of Keefe's continued use, advertising and promotion, the Moon Lodge Mark, The Whole Shabang Mark, and the Trade Dress have become well known to the trade and the general public throughout the United States, and Keefe has established extensive goodwill and public recognition in, and to, the inherently distinctive trademarks and Trade Dress as an exclusive identification of Keefe's potato chip products.

14. Keefe has, and continues to, expend a substantial amount of time, effort, money and other resources to develop and maintain the goodwill that has come to be associated with its potato chip products sold under the Moon Lodge Mark, The Whole Shabang Mark, and the Trade Dress.

## Defendant's Imitation Products & Concealed Identity

15. Defendant is offering for sale potato chips that wrongfully utilize Keefe's Moon Lodge Mark, The Whole Shabang Mark, and distinctive Trade Dress (the "Counterfeit Chips"). The Counterfeit Chips are currently offered for sale, and sold, in this District at Super Star K, located at 4985 W. Colonial Drive, Orlando, Florida 32808. Upon information and belief, the Counterfeit Chips are sold at other locations throughout Florida and the United States.

16. As depicted below, Defendant's Counterfeit Chips are an exact copy of Keefe's Trade Dress that utilizes the Moon Lodge Mark and The Whole Shabang Mark:



| Keefe's The Whole Shabang Chips | Defendant's Counterfeit Chips |

17. Defendant has concealed its identity by listing a false address on the back of its Counterfeit Chips product packaging, as depicted below. The packaging lists 38 Barnard, bowthorpe, [sic] Employment Area, Norwich, NJP, United Kingdom as the source address for the chips. Setting aside the typos, this is the address for Kettle Foods Ltd. ("Kettle"), a popular UK-based chip company. *See* Kettle Chips Website, contact us: www.kettlechips.co.uk/contact-us/ (last visited October 26, 2020). Kettle is not affiliated with the making, or distribution, of the Counterfeit Chips.

7



18. As seen above, the only other contact information relating to the Defendant and possible source of the Counterfeit Chips is an e-mail address that utilizes the Moon Lodge Mark: moonlodgellc@gmail.com (the "Moon Lodge Gmail"). However, subscriber information from Google/Gmail is not publicly available and is only released by court order. *See, e.g.,* https://support.google.com/transparencyreport/answer/9713961?hl=en (last visited October 27, 2020). Upon information and belief, the identity of the Defendant and the subscriber of the Moon Lodge Gmail are the same.

19. Counterfeiters like the Defendant here frequently hide behind the strong privacy policies of e-mail providers, and other online services, to prolong their wrongdoing and insulate themselves from liability by concealing their identity.

20. Prior to filing this Complaint, Keefe, by and through its legal counsel, attempted to ascertain the identity of the individual or organization selling the Counterfeit Chips. However, given the false information on the product packaging, lack of publicly available

8

information about the product, and other efforts to conceal their identity, Keefe was unable to identify the true name of the Defendant(s).

21. Because of the obvious and intentional similarity of the Counterfeit Chips to Keefe's The Whole Shabang Chips—including the intentional and deliberate copying of the Trade Dress, Moon Lodge Mark, and The Whole Shabang Mark—consumers are likely to believe that the Defendant's Counterfeit Chips are authorized, approved, sponsored, endorsed, and/or otherwise affiliated with Keefe.

22. Defendant's use of the Trade Dress, Moon Lodge Mark, and The Whole Shabang Mark are intended to cause, and are actively causing, confusion with consumers, thereby allowing Defendant to trade on Keefe's goodwill and reputation, and intentionally causing, and will continue to cause, consumer confusion as to the source, authorization, sponsorship, connection, endorsement or affiliation of the Defendant's Counterfeit Chips and the Keefe's The Whole Shabang Chips.

23. Due to Keefe's federal trademark registration, Defendant had, at a minimum, constructive notice of Keefe's Moon Lodge Mark and The Whole Shabang Mark at the time Defendant began selling the Counterfeit Chips utilizing the Trade Dress, Moon Lodge Mark, and The Whole Shabang Mark. Indeed, due to Keefe's well-established reputation and fame associated with The Whole Shabang Chips—and the intentional copycat nature of the Counterfeit Chips product packaging which utilizes the ® registration symbols found on Keefe's packaging—Keefe is informed and believes that Defendant had actual notice of the Trade Dress, Moon Lodge Mark, and The Whole Shabang Mark.

24. Despite such notice, Defendant continues to use the Trade Dress, Moon Lodge Mark, and The Whole Shabang Mark in connection with the sale of its Counterfeit Chips, and willfully ignores Keefe's trademark and trade dress rights. The continued use by Defendant is, therefore, willful and deliberate and reflects Defendant's intent to confuse consumers and profit from the goodwill associated with Keefe and the Trade Dress, Moon Lodge Mark, and The Whole Shabang Mark.

25. Defendant's use of the Trade Dress, Moon Lodge Mark, and The Whole Shabang Mark in connection with the sale of its Counterfeit Chips in interstate commerce is actively causing, and unless restrained, will continue to cause, monetary damage and immediate irreparable harm to Keefe, its reputation, and the goodwill associated with the Trade Dress, Moon Lodge Mark, and The Whole Shabang Mark, for which Keefe has no adequate remedy at law.

## COUNT I
## Trademark Infringement and Counterfeiting Under 15 U.S.C. §1114

26. Keefe re-alleges and incorporates by reference each allegation contained in Paragraphs 1 through 25, above, as if fully set forth herein.

27. This action is for trademark counterfeiting and infringement against Defendant based on Defendant's offer for sale, sale, distribution, advertising, and promotion of the Counterfeit Chips in interstate commerce that utilize Keefe's distinctive Trade Dress, Moon Lodge Mark and The Whole Shabang Mark.

28. Defendant has sold, offered to sell, marketed, distributed, and advertised—and are currently selling, offering for sale, marketing, distributing, and advertising—the

Counterfeit Chips using Keefe's distinctive Trade Dress, Moon Lodge Mark, and The Whole Shabang Mark without Keefe's permission.

29. Defendant's willful, intentional, and unauthorized use of the Trade Dress, Moon Lodge Mark, and The Whole Shabang Mark is likely to cause, and is causing, confusion, mistake, and deception as to the origin and quality of the Counterfeit Chips among the general public.

30. Defendant's activities constitute willful trademark infringement and counterfeiting under 15 U.S.C. § 1114.

31. The conduct of the Defendant has irreparably harmed Keefe and, if not enjoined, will continue to irreparably harm Keefe and confuse the public.

32. Keefe's remedy at law is not adequate to compensate it for the injuries inflicted by Defendant. Accordingly, Defendant should be permanently enjoined pursuant to 15 U.S.C. § 1116.

33. By reason of Defendant's acts, Keefe has suffered and will continue to suffer damage and injury to its business, reputation, and goodwill and will sustain loss of revenues and profits.

34. Due to Defendant's willful use of Keefe's registered marks to sell the Counterfeit Chips, Keefe should be awarded statutory damages pursuant to 15 U.S.C. § 1117(c)(1) and/or (2).

35. Due to the exceptional nature of the case, Keefe should be awarded its actual damages, the costs of this action, and the attorneys' fees incurred by Keefe in connection with this action.

## COUNT II
### False Designation of Origin Under 15 U.S.C. § 1125(a)

36. Keefe re-alleges and incorporates by reference each allegation contained in Paragraphs 1 through 35, above, as if fully set forth herein.

37. Defendant's promotion, marketing, offering for sale, and sale of the Counterfeit Chips has created a likelihood of confusion, mistake, and deception among the general public as to the affiliation, connection, or association with Keefe or the origin, sponsorship, or approval of Defendant's Counterfeit Chips.

38. By using Keefe's Trade Dress, Moon Lodge Mark, and The Whole Shabang Mark in connection with the sale of the Counterfeit Chips, Defendant has created a false designation of origin and a misleading representation of fact as to the origin and sponsorship of the Counterfeit Chips.

39. Defendant's false designation of origin and misrepresentation of fact as to the origin and/or sponsorship of the Counterfeit Chips to the general public involves the use of counterfeit marks and is a willful violation of 15 U.S.C. § 1125.

40. Keefe has no adequate remedy at law and, if Defendant's actions are not enjoined, Keefe will continue to suffer irreparable harm to its reputation and to the goodwill of its Trade Dress, Moon Lodge Mark, and The Whole Shabang Mark.

41. By reason of Defendant's acts, Keefe has suffered and will continue to suffer damage and injury to its business, reputation, and goodwill and will sustain loss of revenues and profits.

## COUNT III
### Trade Dress Infringement & Unfair Competition Under 15 U.S.C. § 1125

42. Keefe re-alleges and incorporates by reference each allegation contained in Paragraphs 1 through 41, above, as if fully set forth herein.

43. Defendant has committed trade dress infringement and unfair competition in violation of 15 U.S.C. § 1125(a) as result of Defendant's unauthorized use of the Trade Dress, Moon Lodge Mark, and Whole Shabang Mark on its Counterfeit Chip product packaging.

44. Defendant is likely to cause initial consumer confusion, mislead prospective purchasers as to the affiliation, connection, or association of Defendant's Counterfeit Chips with Keefe.

45. By reason of Defendant's acts, Keefe has suffered and will continue to suffer damage and injury to its business, reputation, and goodwill and will sustain loss of revenues and profits.

46. Defendant's infringement has been willful and in bad faith, making this an exceptional case under 15 U.S.C. § 1117.

47. Keefe has no adequate remedy at law and, if Defendant's actions are not enjoined, Keefe will continue to suffer irreparable harm to its reputation and to the goodwill of its Trade Dress, Moon Lodge Mark, and The Whole Shabang Mark.

## COUNT IV
### Common Law Trademark & Trade Dress Infringement

48. Keefe re-alleges and incorporates by reference each allegation contained in Paragraphs 1 through 47, above, as if fully set forth herein.

49. Defendant, without the consent or authority of Keefe, has used and is continuing to use in commerce the Trade Dress, Moon Lodge Mark and The Whole Shabang Mark in connection with the sale of Defendant's Counterfeit Chips, which are identical to or confusingly similar to Keefe's trademarks and trade dress.

50. As a result of the Defendant's unauthorized use of the Trade Dress, Moon Lodge Mark, and The Whole Shabang Mark, Defendant is likely to cause confusion or mistake or to deceive the public, in violation of the statutory and common law of various States, including the State of Florida.

51. Defendant is likely to mislead prospective purchasers and others as to an affiliation, connection, or association of Defendant and its Counterfeit Chips with Keefe and it's the Whole Shabang Chips, or as to the origin, sponsorship, or approval by Keefe of Defendant's Counterfeit Chips, causing purchasers to rely thereon, in violation of the statutory and common law of various States, including the State of Florida.

52. Defendant's acts were undertaken in bad faith and in a deliberate attempt to capitalize on the goodwill and reputation of Keefe and Keefe's trade dress and trademarks, and to mislead the public into believing that there is a connection, affiliation, or association between Defendant's Counterfeit Chips and Keefe.

53. By reason of Defendant's acts, Keefe has suffered and will continue to suffer damage and injury to its business, reputation, and goodwill and will sustain loss of revenues and profits.

54. Keefe has no adequate remedy at law and, if Defendant's actions are not enjoined, Keefe will continue to suffer irreparable harm to its reputation and to the goodwill of its Trade Dress, Moon Lodge Mark, and The Whole Shabang Mark.

WHEREFORE, Plaintiff Keefe Group, LLC respectfully requests that this Court enter judgment in favor of Keefe Group, LLC, and against Defendant, and:

(A) Permanently enjoin and restrain Defendant, its officers, agents, employees, representatives, and all others acting in concert or participation with any of them from using the Moon Lodge® registered trade mark, The Whole Shabang® registered trademark, and Keefe's distinctive Trade Dress, or any other colorable imitation of the same, or any mark or trade dress that is confusingly similar to the same, or doing any other act or thing, likely to induce the belief that Defendant's business or products are in any way connected with Keefe's business or products, or are sponsored or approved by Keefe;

(B) Direct Defendant to account for and pay over to Keefe all profits derived by Defendant from its acts complained of herein, together with prejudgment interest;

(C) Award Keefe all actual damages sustained by Keefe;

(D) Award Keefe statutory damages as provided by 15 U.S.C. § 1117(c)(1) and (2);

(E) Declare that Defendant's use of the counterfeit mark, and other activities, are willful;

(F) Award Keefe trebled damages;

(G) Declare this case exceptional and award Keefe its reasonable attorneys' fees and costs; and

(H) Award Keefe such other or further relief as the Court deems just and proper.

Dated: November 12, 2020.

                                  Respectfully submitted,

*[signature]*

David S. Wood, Esq., Trial Counsel
Florida Bar No.: 289515
Email: david.wood@akerman.com
Darryl R. Graham, Esq. (*readmission pending*)
Florida Bar No.: 60857
Email: darryl.graham@akerman.com
**AKERMAN LLP**
Post Office Box 231
Orlando, Florida 32802-0231
Phone:  (407) 423-4000
Fax:  (407) 843-6610

– and –

/s/ *B. Scott Eidson*
B. Scott Eidson, Esq. (*pro hac vice* pending)
Florida Bar No.:  25928
Email:  scott.eidson@stinson.com
**STINSON LLP**
7700 Forsyth Blvd., Suite 1100
St. Louis, Missouri  63105
Phone:  (314) 259-4575
Fax:  (314) 259-3924
A*ttorneys for Plaintiff Keefe Group, LLC*